## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISAAC FAULKNER, # R-30210,                )
                                          )
                 Plaintiff,    )
                                          )
      vs.                              )      Case No. 13-cv-762-JPG
                                          )
DR. JAMES FENOGLIO,                       )
                                          )
             Defendant.       )

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Hill Correctional Center ("Hill"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  His claim arose during his confinement at Lawrence Correctional Center ("Lawrence").  Plaintiff is serving an 11-year sentence for aggravated battery.  He claims that Defendant Fenoglio, a physician, was deliberately indifferent to a serious medical condition.

More specifically, Plaintiff's complaint alleges that while playing basketball on December 23, 2011, he fell and fractured his right wrist.  During Defendant Fenoglio's examination of the injury, Plaintiff told Defendant Fenoglio he was in extreme pain, and asked to be sent to the emergency room.  However, Defendant Fenoglio said there was not much he could do because the shift was about to change at 3:00 p.m. (Doc. 1, pp. 5-6).

Plaintiff's wrist was not x-rayed until four days later, on December 27, when this procedure was performed at the prison's health care unit.  By that time, Plaintiff's hand was swollen, painful, bruised, and one finger was completely numb.  Plaintiff made Defendant Fenoglio aware of his condition during his December 27 follow-up examination, at which Defendant Fenoglio viewed the x-

rays and diagnosed the fracture (Doc. 1, p. 7).  However, Defendant Fenoglio did not provide any further treatment.

Plaintiff was, however, referred for an outside orthopedic consultation on December 27, 2011. Approval for this visit was given on January 3, 2012.  However, the outside clinic was not contacted by the prison until a week later, on January 10, 2012.  The orthopedic consultation took place on January 12, 2012.  Plaintiff attributes this delay to Defendant Fenoglio's inaction.

The orthopedic clinic told Plaintiff that he would have to undergo follow-up therapy after his cast was removed.  Defendant Fenoglio never provided Plaintiff with the recommended therapy, despite Plaintiff's grievances (Doc. 1, p. 8).  As a result, Plaintiff has suffered permanent injury, including reduced range of motion in his wrist, numbness in his finger, pain, and impairment of the use of his arm.  Plaintiff seeks damages for Defendant Fenoglio's delay and denial of medical care.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Fenoglio for deliberate indifference to his serious medical needs, which shall receive further review.

## Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be referred to United States Magistrate Judge Frazier for further consideration.

## Disposition

The Clerk of Court shall prepare for Defendant **FENOGLIO**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The

Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a*

*referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 23, 2013**

s/J. Phil Gilbert
**United States District Judge**