IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAAC FAULKNER, | ) |
|     Plaintiff, | ) |
| v. | )   Case No. 3:13-762-PMF |
| DR. JAMES FENOGLIO, | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is defendant James Fenoglio's motion for summary judgment (Doc. No. 34). Plaintiff Isaac Faulkner is proceeding on a civil rights claim, challenging some conditions of his former confinement at Lawrence Correctional Center. Faulkner claims that he sustained an injury on December 23, 2011, and that Dr. Fenoglio deprived him of his Eighth Amendment right to be free from cruel and unusual punishment by responding with deliberate indifference to a serious medical need for treatment of a fractured wrist. The motion is opposed (Doc. No. 39). A reply is on file (Doc. No. 40).

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Construing the facts and reasonable inferences in plaintiff's favor, he suffered a fracture in his right wrist on December 23, 2011. The injury was probably a non-displaced fracture. Non-displaced fractures do not typically require urgent care because the bone is still aligned. Over the next four months, Faulkner received medical evaluations and treatment, including examinations, diagnostic tests (x-rays on 12/27/2011 and 1/24/2012), medication (Ibuprofen,

Ultram), an elastic bandage, an arm sling, a referral to an orthopedic specialist, a cast, and a low-bunk permit.  Much of this care was provided, recommended, or ordered by Dr. Fenoglio, although some care was provided by nurses, a nurse practitioner, an orthopedic specialist, and other members of the prison's healthcare unit.  As a consequence of the bone fracture, plaintiff may have developed a nerve disorder: reflex sympathetic dystrophy syndrome.  There is no indication that any of Dr. Fenoglio's treatment decisions caused the syndrome to materialize.  Plaintiff reports delay in receiving some prescribed and recommended medical services.

Defendant seeks judgment in his favor on the basis that the evidence would not support a finding in Faulkner's favor on the subjective element of his Eighth Amendment claim.  Dr. Fenoglio acted with deliberate indifference if he consciously disregarded a known and substantial risk of harm from an objectively serious medical condition.  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  Deliberate indifference is conduct that is intentional or reckless and not simply negligent. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).  It approaches intentional wrongdoing.  *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006).  Deliberate indifference may be inferred when a physician makes a treatment decision that falls far afield of accepted professional medical judgment.  *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2009).  A disagreement regarding appropriate treatment does not establish deliberate indifference.  *Budd v. Motley*, 711 F.3d 840, 844 (7th Cir. 2013)(extensive medical care over a period of weeks revealed dissatisfaction with the care received).   In assessing the subjective intent of a defendant, the Court looks at the inmate's medical care as a whole.  *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).  Deliberate indifference may be established with proof that the level of care provided was "blatantly inappropriate."  *Greeno*, 414 F.3d at 645.

The Court agrees with the defendant that the evidence could not rationally support a finding that Dr. Fenoglio's response to plaintiff's wrist injury and related symptoms amounted to deliberate indifference. Plaintiff received care medically appropriate for his particular ailments. Plaintiff has not pointed to conduct or decisions that fall far afield of the applicable standard of care for a wrist fracture or reflex sympathetic dystrophy syndrome. Similarly, plaintiff has not pointed to facts that would otherwise support an inference that Dr. Fenoglio knew about and ignored an excessive risk to his health. While plaintiff believes that better care could have been provided and more promptly, this position reflects disagreement with the level of care provided, which is not enough to show deliberate indifference. Further, while plaintiff describes delay in delivery of certain medications and health care services and suggests that those delays aggravated his condition and unnecessarily prolonged pain, the evidence does not establish that Dr. Fenoglio delayed delivery of prescribed medication or recommended services. Rather, the evidence shows that Dr. Fenoglio relied on support staff to carry out his instructions to dispense medicines, take x-rays, and schedule visits. Fenoglio may not be held liable for injuries that may have been caused by other individuals.

The motion (Doc. No. 34) is GRANTED. The Clerk is DIRECTED to enter judgment in favor of defendant Dr. James Fenoglio and against plaintiff Isaac Faulkner.

**IT IS SO ORDERED.**
**DATED: December 9, 2014**

                                                <u>s/Philip M. Frazier</u>
                                                **PHILIP M. FRAZIER**
                                                **UNITED STATES MAGISTRATE JUDGE**